GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>James A. Vanley, III,<br><br>Defendant. | No. CR-23-01809-004-PHX-DGC<br><br>UNITED STATES' SENTENCING MEMORANDUM |

Defendant James A. Vanley, III ("Defendant" or "Vanley") pleaded guilty to Count 55, Material False Statement During the Purchase of a Firearm, and Aid and Abet.  The United States recommends that Defendant receive a sentence of five years' probation.

The United States has no legal objections or factual corrections to the Presentence Report ("PSR").  (ECF 88.)  The United States agrees with the PSR calculations resulting in a Total Offense Level of 13 and Criminal History Category I.  PSR at ¶¶ 38 and 42, resulting in a Guidelines range of 12-18 months' imprisonment.  This recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant on December 20,2023.  On September 3, 2024, Defendant pleaded guilty to Count 55 of the Indictment, Material False Statement During the Purchase of a Firearm and Aid and Abet, in violation of 18 United States Code

§§ 922(a)(6), 924(a)(2), and 2.  Defendant agreed with the facts in his plea agreement, including:

From approximately April 28, 2021, through June 15, 2021, Defendant Vanley purchased a total of six firearms for $3,615 at multiple FFLs.  Defendant Vanley purchased those firearms on behalf and at the direction of co-defendant Kevin James Lewis.

On June 9, 2021, Defendant Vanley purchased a Ruger pistol at Pawn 1st, a registered FFL, in Phoenix, Arizona.  On the ATF Form 4473, Defendant Vanley avowed that he was the actual purchaser/buyer of the firearm; however, he knew he was purchasing the firearm on behalf and at the direction of co-defendant Kevin James Lewis.  This firearm was recovered in California sixty-three (63) days after the date it was purchased.

It is worth noting that co-defendant Kevin Lewis is a convicted felon and cannot legally purchase or possess firearms.

The United States acknowledges that Defendant Vanley's crimes were committed over three years ago. The government does not know of any other unlawful conduct committed by Vanley from the time he was approached by law enforcement to the present.

## II.     UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant Vanley receive a sentence of probation.  The United States will dismiss Counts 1, 52-54 of the indictment, as to Defendant Vanley only, at the time of sentencing.

### A Probation Sentence is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court.  *Id*. (citations omitted).  When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50

(2007)).    As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that probation for Defendant Vanley is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  The nature and circumstances of Defendant Vanley's offense are concerning. Purchasing firearms with the intent of those going to a person for whom the government has not had the opportunity to conduct a background check has the potential to put deadly weapons into the hands of dangerous individuals.  Here, firearms were, in fact obtained for a convicted felon and at least one of the firearms did go out of state.  However, Defendant Vanley's crimes did not span a lengthy time period, and he has remained law abiding. These factors weigh in favor of the recommendation herein.

### 2.    Defendant's History and Characteristics

Defendant Vanley's history and characteristics weigh in favor of a probation sentence.  Defendant Vanley was on the younger side when the crimes were committed, he is in a steady relationship, and has young children.  Defendant Vanley appears to lack steady employment, which is cause for concern.  To his credit, Vanley has no prior felony convictions, making his criminal history a category I.   Once law enforcement approached Defendant Vanley, his criminal activity ceased.  Several years have passed since that time, and Defendant Vanley has remained law abiding.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).  As mentioned, Defendant Vanley's crime is a serious offense, with the potential for danger to the community.  However, considering all the relevant factors, probation is appropriate for this individual.

**4.      The Need for Adequate Deterrence**

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  Here, even before being indicted, Defendant Vanley had been deterred from engaging in further criminal activity.  The government is optimistic that a felony conviction will be a specific deterrent from future criminal activity.

The need for deterrence also extends beyond preventing recidivism by just a specific defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant.  *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  Here, other people should be deterred from committing a similar crime based on Defendant Vanley's conviction and his law-abiding conduct since law-enforcement contact.

**5.      Protecting the Public**

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).  Defendant's contact with the criminal justice system and felony conviction should be a sufficient deterrent with will serve to protect the public from Defendant Vanley.   He has demonstrated that he is no longer a threat to the public.

**6.      Providing Needed Correctional Treatment**

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  While Defendant Vanley is on probation, he can receive training and assistance regarding vocational skills and employment opportunities, which appear necessary from a review of the PSR.

//

//

//

## III.    CONCLUSION

The United States recommends that Defendant Vanley receive a five-year sentence of probation.  For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 12th day of November, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona


*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney


## CERTIFICATE OF SERVICE

I hereby certify that, on November 12, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Matthew Leathers
Counsel for Defendant Vanley

*s/ J. Schesnol*
U.S. Attorney's Office